# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SUSAN MAE POLK,

             Petitioner,

    v.

M. HILL,

             Respondent.

Case No. 5:23-cv-2659-MEMF (SK)

**ORDER ACCEPTING REPORT AND RECOMMENDATION TO DISMISS HABEAS PETITION**

In accordance with 28 U.S.C. § 636, the Court has reviewed the filed Report and Recommendation (R&R or Report) to Dismiss Habeas Petition as Untimely, Petitioner's Objections, Respondent's Reply to the Objections, and any pertinent records as needed. The Court has reviewed de novo those identifiable portions of the R&R to which Petitioner has timely and properly objected. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

In doing so, the Court has declined to consider any arguments raised for the first time only in the objections. *See United States v. Howell*, 231 F.3d 615, 621-23 (9th Cir. 2000).

The Report recommends the dismissal of the Petition, which challenges adverse parole-related decisions, for untimeliness and failure to raise a cognizable federal claim. (ECF No. 58.) Petitioner's Objections to the

Report (ECF No. 65 ) do not merit any change to the Report's findings or recommendations.

Petitioner objects that her challenge to her 2019 parole denial is timely because she raised a timely challenge to the separate denial of an elderly parole hearing.  (ECF No. 65 at 8-9.)  On the contrary, the limitations starting date in "[28 U.S.C.] § 2244(d)(1) "applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).  The starting date for Petitioner's challenge to her 2019 parole denial was in September 2019 (ECF No. 58 at 7), long before she separately was denied an elderly parole hearing in October 2022 (id. at 4).  Petitioner's reliance on *Campbell v. Henry*, 614 F.3d 1056, 1062 (9th Cir. 2010), to argue for an opposite conclusion, is misplaced.  (ECF No. 65 at 8.)  The Ninth Circuit held in *Campbell* that, under 28 U..C. § 2244(d)(2), "the one timely claim in [Petitioner's] state habeas petition was sufficient to toll the AEDPA statute of limitations with regard to any and all claims in her federal petition."  614 F.3d at 1062.  The question in this action, however, is the limitations starting date for each individual claim under § 2244(d)(1), not the extent of statutory tolling available under § 2244(d)(2).  *See Fielder v. Varner*, 379 F.3d 113, 121 (3d Cir. 2004) (Alito, J.) (statutory tolling for all the claims in a federal petition under § 2244(d)(2) "obviously does not require us" to adopt the same reasoning for when the statute of limitations begins to run under § 2244(d)(1)); *see also Mardesich*, 668 F.3d at 1171 ("We are persuaded by the reasoning in *Fielder*[.]").

Petitioner objects to the Report's calculation of her limitations starting date for her challenge to the 2019 parole denial as May 30, 2019.  (ECF No. 65 at 9-10.)  On the contrary, the Report properly calculated the limitations starting date as September 2019, or 120 days after the parole suitability hearing in May 2019.  (ECF No. 58 at 7.)

Petitioner objects that she is entitled to statutory tolling from her petition for resentencing.  (ECF No. 65 at 10-13.)  The objection is misplaced because it improperly relies on *Campbell*, which does not help Petitioner in demonstrating the limitations starting date for separate parole-based claims under § 2244(d)(1).

Petitioner objects that the Report improperly relied on *Mardesich*, which allegedly is an "outlier circuit holding."  (ECF No. 65 at 14-19.)  On the contrary, the holding in *Mardesich* that the limitations starting date must be analyzed on a claim-by-claim basis is in accord with the other circuits.  "Every federal appellate court to consider this question has concluded that the timeliness of claims raised in a petition for habeas corpus must be analyzed on a claim-by-claim basis."  *Clemente v. Lee*, 72 F.4th 466, 471 (2d Cir. 2023).

Petitioner objects that the Report relied on a Superior Court finding that was not entitled to deference and that she is entitled to immediate release from prison.  (ECF No. 65 at 19-27.)  The finding allegedly was that Petitioner was "uncooperative," "disruptive" and/or "non-response" during her parole hearing.  (Id. at 19.)  The Report, however, did not rely on any such findings to conclude that Petitioner's claims were untimely or not cognizable.  (ECF No. 58.)  The Report says nothing about the merits of Petitioner's parole claims.  (Id.)

Petitioner objects that her challenge to the denial of an elderly parole hearing lies at the core of federal habeas corpus.  (ECF No. 65 at 27-30.)  The Court agrees with the Report that the claim does not sound in habeas because relief would not "necessarily lead to [her] immediate or speedier release from confinement."  (ECF No. 58 at 11.)  Because Petitioner seeks "at most new eligibility review, which at most will speed *consideration* of a new parole application[,]" her claim does not lie at "the core of habeas corpus."

*Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (emphasis in original).

Petitioner objects that the Report relied on an arbitrary state court ruling regarding the refusal to grant her an elderly parole hearing. (ECF No. 65 at 30-32.) The California Court of Appeal ruled that, under state law, Petitioner was not entitled to a separate elderly parole hearing because she earlier had received an initial parole hearing based on her minimum eligible parole date. (ECF No. 1-7 at 18.) The Court agrees with the Report that the Parole Board's refusal to grant her a separate elderly parole hearing presents merely an issue of state law that is not cognizable on federal habeas review. (ECF No. 58 (citing *Whitfield v. Vaughn*, 272 F. App'x 591, 592 (9th Cir. 2008) (federal habeas relief cannot be granted based on the Parole Board's alleged failure to set a parole hearing within the time frame mandated by California law).)

Concluding that nothing in Petitioner's objections affects the material findings and conclusions in the R&R, the Court accepts the recommendation and orders that the petition under 28 U.S.C. § 2254 be DISMISSED as untimely. Judgment dismissing this action with prejudice will be entered accordingly.

IT IS SO ORDERED.

DATED: March 5, 2026

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

4